**WO**  NN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Salar, | No. CV 06-1629-PHX-EHC |
| Plaintiff, | **ORDER** |
| vs. | |
| Target Corporation; Sedgwick CMS; Target Store 1429; Target Store 909, | |
| Defendants. | |

*Defendants' Motion to Dismiss* ("Motion to Dismiss") (Dkt. 39) was filed September 10, 2007. They argue that *Pro Se* Plaintiff's Amended Complaint violates Rules 8(a), 8(e), and 10(b) of the Federal Rules of Civil Procedure. In the alternative, Defendants request that Plaintiff amend the Complaint to comport with the aforementioned rules. *Plaintiff's "Revised" First Amended Complaint* ("Revised Amended Complaint") was lodged in response to the Motion to Dismiss. (Dkts. 41, 42). Defendants filed a motion to strike the Revised Amended Complaint ("Motion to Strike"), arguing that Plaintiff did not move to obtain leave of Court to file the Revised Amended Complaint. (See Dkt. 44).

Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) requires that each averment in a pleading be "simple, concise, and direct." Plaintiff alleges two claims for relief in the 26-page Amended Complaint and in the 31-page Revised Amended Complaint and neither comply with these requirements.

Many assertions in the complaint are merely conclusory allegations, and it appears there may be more than two claims alleged; the lack of clarity makes it difficult to discern. The Court also finds that Plaintiffs' Amended Complaint and Revised Amended Complaint do not adhere to Rule 10(b) which requires that all averments "be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

Once a party has amended their pleading as a matter of course, Rule 15(a)(2) of the Federal Rules of Civil Procedure allows a court to grant leave for the filing of subsequent amendments; it provides the Court "should freely give leave when justice so requires." The Court will grant leave for Plaintiff to file a Second Amended Complaint.

On October 15, 2007, Plaintiff filed a *Motion to Remand and Restore Jurisdiction Back in Superior Court* ("Motion to Remand") (Dkt. 40). Plaintiff argues that the amount in controversy, which must exceed $75,000 to meet the diversity requirement, was "falsely over priced" by Defendants, and therefore, this Court does not have jurisdiction. See 28 U.S.C. § 1332. However, Plaintiff requests compensation "in an exact amount of **$11,105.47**" for medical expenses, and "in an exact amount of **$73,522.50**" for Plaintiff's time expended in filing the cause of action. (Amended Complaint, p. 18; Revised Amended Complaint, p. 17) (emphases in original). Moreover, in *Plaintiiff's Disclosure for Trial* recently filed, Plaintiff claims compensatory and punitive damages totaling well into the millions of dollars. (See Dkt. 49). The diversity requirement for this Court's jurisdiction has been met.

On April 16, 2008, Plaintiff filed two trial-related motions, one requesting Defendants' cooperation in discovery ("Motion for Discovery") and the other requesting that a trial date be set ("Motion to Set Trial Date"). (See Dkts. 47, 50). Both issues are premature given the Court will grant leave for Plaintiff to file a Second Amended Complaint.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Dkt. 39) is **denied.**

**IT IS FURTHER ORDERED** that the Motion to Strike (Dkt. 44) is **granted.**

1 **IT IS FURTHER ORDERED granting** Plaintiff leave to file a Second Amended Complaint which must comport with Rules 8(a), 8(e), and 10(b) of the Federal Rules of Civil Procedure. The Second Amended Complaint must be filed within 60 days of the filing of this Order.

**IT IS FURTHER ORDERED** that the Motion for Discovery (Dkt. 47) and the Motion to Set Trial Date (Dkt. 50) are **denied.**

**IT IS FURTHER ORDERED** that the Motion to Remand (Dkt. 40) is **denied.**

DATED this 18th day of April, 2008.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge